UNITED STATES BANKRUPCTY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:  Donghee Choi,

　　　　　　　　　　　　　　　　　　　　　　Case No.  17-31540-5-mcr
　　　　　　　　　　　　　　　　　　　　　　Chapter 7

　　　　　　　　　　　Debtor.

---

Strategic Funding Source, Inc.　　　　　　　Adv. No.  18-50001-5-mcr
　　　　　　　　　　　　　　　　　　　　　　ANSWER

　　　　　　　　　　　Plaintiff,
　vs.

Donghee Choi,

　　　　　　　　　　　Defendant.

---

　　　The Defendant, Donghee Choi, by and through their undersigned counsel, hereby files this Answer to Plaintiff's Complaint and states as follows:

1. The Defendant admits this Court has Jurisdiction and is the correct Venue to hear this complaint, despite any technical errors contained in paragraphs 1, 2 and 3 Plaintiff's Complaint.

2. Paragraphs 4, 35, 49, 61, 70 and 78 of Plaintiff's Complaint do not state a cause of action requiring an answer, however, if an answer is required, Defendant denies the allegations contained in these paragraphs.

3. The Defendant lacks sufficient information to form an opinion as to the allegations contained within paragraph 6 of Plaintiff's Complaint.

4. The Defendant admits to the allegations contained within paragraph 19 only to the extent that Northfield received an up-front advance. Defendant lacks knowledge as to who funded the money.

5. Defendant denies the allegations contained in Paragraph 20 to the extent that the referenced Part 1(Terms of Enrollment in Program) of Exhibit B does not contain the language referenced in the paragraph.

6. The Defendant admits to the allegations contained within paragraph 5, 7, 8, 10, 11, 16, 17, 21, 23, 24, 25, and 30 of Plaintiff's Complaint.

7. The Defendant admits in part to the allegations contained within paragraph 12 and 79 of Plaintiff's Complaint in so far as this adversary proceeding is timely brought under §523 regarding whether certain debt is eligible for discharge, and determining the amount, if any, which is owed to Plaintiff. It is denied that the Plaintiff has properly brought an action under §727. It is further denied that even if Plaintiff had brought a timely action under §727 that Defendant's conduct would result in a denial of discharge. Finally, a discharge Order has already been entered.

8. The Defendant admits in part to the allegations contained within paragraph 13 of Plaintiff's Complaint in so far as the document is a true and correct copy of the "Application." Conclusions and interpretations made by the Plaintiff are denied.

9. The Defendant admits in part to the allegations contained within paragraph 9 of Plaintiff's Complaint to the extent that Plaintiff is an unsecured creditor.

10. The Defendant lacks sufficient information to form an opinion as to the allegations contained within paragraph 14 of Plaintiff's Complaint without access to the purported phone conversation. Defendant denies that all relevant portions of the phone call are accurately transcribed in the Plaintiff's Complaint. Further, the Defendant denies

conclusions or interpretations made by Plaintiff in regards to the purported phone conversation.

11. The Defendant admits in part to the allegations contained within paragraph 15 of Plaintiff's Complaint in so far as the plain test of the document. Plaintiff omits the complete language contained in section 2.9. A full reading of the section can be inferred to mean that Plaintiff reserved the right to violate Bankruptcy Law. This provision is illegal.

12. The Defendant lacks sufficient information to form an opinion as to the allegations contained within paragraph 18 of Plaintiff's Complaint as he does not know the reasons behind Plaintiff's decisions.

13. The Defendant denies the allegations contained within paragraphs 22, 26, 27, 28, 29, 31, 32, 33, 34, 36, 37, 39, 41, 42, 43, 44, 45, 46, 47, 48, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 66, 67, 68, 69, 72, 73, 74, 75, 76, 77, 81, 82, 83, 84, 85, 86, 87, and 88 of Plaintiff's Complaint.

14. The Defendant denies the allegations contained within paragraph 40 of Plaintiff's Complaint as Part 1 of the Exhibit B does not contain the language alleged by the Plaintiff.

15. Paragraph 80 of Plaintiff's complaint refers to Plaintiff's belief and allegations. Defendant lacks knowledge of Plaintiff's belief sufficient to form an opinion. Defendant admits that Plaintiff has made numerous false allegations regarding the Defendant. Thus Defendant denies the allegations contained in said paragraph.

16. Plaintiff misquotes the plain text of §523(a)(2)(A) in paragraph 38 of Plaintiff's Complaint. Thus, Defendant denies the allegation.

17. Plaintiff misquotes the plain text of §523(a)(2)(B) in paragraph 51 of Plaintiff's Complaint.  Thus, Defendant denies the allegation.

18. Plaintiff refers to a non-existent provision §532(a)(6) of the Bankruptcy Code in paragraph 71 of Plaintiff's Complaint.  Thus, Defendant denies the allegation.  The Plaintiff is most likely referring to §523(a)(6) of the Bankruptcy Code.  Assuming this is the case, the Plaintiff, again, misquotes the plain text of §523(a)(2)(B).  Thus, Defendant denies the allegation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Claim for Relief- Non-Discharge of debt pursuant to §523(a)(2)(A) is without merit and cannot be proven. Plaintiff's accusations are contained in paragraphs 35 to 48 of their Complaint.  The Plaintiff cannot prove, nor do they allege that the Defendant engaged in conduct causing money funded to the Debtor be obtained by false pretenses, a false representation or actual fraud.  Rather, their argument is that the Debtor made a statement respecting his or an insider's (Northfield Partners) financial condition that they now deem to be false.  The statements they claim to be false are contained in Paragraph 14 of their complaint.  The purported phone conversation, by their own admission, took place on May 5, 2017, one day *after* the Revenue Based Factoring (RBF / ACH) Agreement on May 4, 2017.

Their argument fails for a number of reasons.  First, since the statement was made after the funding agreement took place, they could not have possibly relied upon it.  Second, the language of §523 (a)(2)(A) exempts statements- "other than a statement respecting the debtor's or an insider's financial condition."  Thirdly, the Debtor believed his statements to be true.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Second Claim for Relief- Non-Discharge of debt pursuant to §523(a)(2)(B) is without merit and cannot be proven. Plaintiff's accusations are contained in paragraphs 49 to 60 of their Complaint. Plaintiff alleges that the Merchant Funding Application signed by the Debtor

is materially false because the section "Use of Funds" is listed as business debt consolidation. There was nothing materially false in the document.

Further, Plaintiff claim the May 4, 2017 Revenue Based Factoring (RBF / ACH) Agreement the Debtor "falsely and fraudulently represented Northfield's financial condition was accurately reflected in the documents produced to Strategic." Plaintiff has not produced a single document they claim was fraudulently prepared. Plaintiff had a full opportunity to examine, and it is assumed they did, all of Defendant's tax returns, accounts receivable, credit reports, credit references, bank accounts, etc.. None of which do they claim to be fraudulently prepared.

The Debtor did not intend to deceive the Plaintiff in any way and did not make materially false statements in writing. Further, the Debtor's intended use of the funds did not relate to the Debtor's or insider's financial condition.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Third Claim for Relief- Breach of Fiduciary Duty is without merit and cannot be proven. Specifically the Plaintiff cannot meet the burden of under 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. Plaintiff's accusations are contained in paragraphs 61 to 69 of their Complaint. None of the paragraphs give any specific instances of where it is alleged that the Defendant committed fraud. Rather, Plaintiff merely makes blanket accusations without any factual basis for their belief. These paragraphs do not even attempt to provide for the elements necessary to meet the burden of § 523(a)(4).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Fourth Claim, for Relief- Willful and Malicious Injury is without merit and cannot be proven. Specifically the Plaintiff cannot meet the burden of under 523(a)(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. There are no facts asserted in paragraphs 70 through 77, nor do any exist to suggest that the Defendant acted in a way in which he knew his actions to be wrongful and therefore did not possess the capable state of mind required to sustain a 523(a)(6) cause of action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Fifth Claim, for Relief- Denial of Discharge Pursuant to §727(a)(2) is without merit and cannot be proven.  There are no facts asserted in paragraphs 78 through 88, nor do any exist to suggest that the Defendant diverted funds away from "Receipts" as defined in May 4, 2017 Revenue Based Factoring (RBF / ACH) Agreement.  Further Plaintiff conflates the money that the Debtor was funded with the "Receipts" that Plaintiff claims entitled.  Plaintiff apparently asserts that the Defendant, after he received the loan, fraudulently transferred the money to an entity other than Strategic Funding.  They surely knew that any recipient would allocate the funds in the way most advantageous to themselves.

## SIXTH AFFIRMATIVE DEFENSE

Defendant was a personal guarantor for a loan for his business (Northfield Partners- d/b/a Five Guys).  Prior to the May 4, 2017 Revenue Based Factoring (RBF / ACH) Agreement the business was in good standing under the laws of the jurisdictions in which it was organized and operated.  The primary intent of the loan was to assist in Five Guys prosperity.  The default was due to a cash flow crisis that caused a chain of events resulting in the forced the closure of the business and a termination of the franchise rights.  Further, Defendant's recollection is the Strategic Funding was eager to enter into an agreement and was expressly unconcerned with what the Defendant did with the proceeds.  Plaintiff is solely responsible for their due diligence, or lack thereof; as Defendant was honest and provided all accurate documents requested.

**WHEREFORE,** Defendant requests that the Court dismiss the Plaintiff's Complaint, and all such other relief as Defendant may prove themself entitled.

Dated:  March 12, 2018      /s/ Craig C. Humpleby
Craig C. Humpleby, Esq.
Humpleby Law Office, P.C.
Bar Roll No.:  511295
4306 East Genesee Street
Syracuse, NY 13214
Phone:  (315) 446-4600